

SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**

SEP 04 2015

ARTHUR JOHNSTON
BY_____ DEPUTY

**IN THE UNITED STATE FEDERAL DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**HEATHER TAYLOR (AKA HEATHER SHANK)**                                      **PLAINTIFF**

**VS.**                                                        **CIVIL ACTION NO.** ~~3:10CV473-DPJ-FKB~~

1:15CV290 LG-RHW

**HARRISON COUNTY, MISSISSIPPI,**
**By and through its Board of Supervisors,**
**HARRISON COUNTY SHERIFF DEPARTMENT**
**SHERIFF MELVIN BRISOLARA, in his official capacity, and**
**JOHN DOES 1-25, in their official and individual capacity**                  **DEFENDANTS**

**C O M P L A I N T**
**(PLAINTIFF DEMANDS A TRIAL BY JURY)**

COMES NOW Plaintiff, Heather Taylor, (AKA Heather Shank), by and through her

counsels of record, Joel L. Blackledge and Joel S. Gatlin, who files this, her Complaint against

the aforementioned Defendants. In support of the same, Plaintiff states, avers and gives notice of

the following:

**PRELIMINARY STATEMENT**

1.      This is a Federal Civil Rights action brought as a result of what the Plaintiff

believes was a blatant violation of, *inter alia,* the federal civil, constitutional and human rights of

Heather Taylor , who while in the custody of the Harrison County Sheriff Department between

March 10, 2014 and March 12, 2014, was denied medical treatment for diabetes. As a direct and

proximate consequence of the injuries the Plaintiff received at the hands of the Harrison County

Sheriff Department, Plaintiff was subsequently admitted to Garden Park Hospital Emergency

Room.  She was found to be in diabetic ketoacidosis (DKA), a life-threatening condition that

develops when cells in the body are unable to get the sugar they need for energy because there is

not enough insulin.  It is alleged that the Plaintiff's rights under certain federal statutes, to

1

certain rights under the constitutions of the United States of America and the State of Mississippi were violated.  Heather Taylor files this action for the relief set forth in the following paragraphs.

### STATEMENT OF THE FACTS

2.      Heather Taylor, aka Heather Shank, was booked into the Harrison County Jail on March 10, 2014, having been arrested on a petit larceny charge.

3.      She remained in custody of the Harrison County Sheriff's Department until March 12, 2014, when she was released on bond.

4.      Ms. Taylor is a severe diabetic.  While in the custody of the Harrison County Sheriff's Department, Ms. Taylor repeatedly and emphatically informed jail staff that she was a Type II diabetic requiring multiple daily insulin shots.

5.      Ms. Taylor consistently requested that she be provided insulin shots to prevent her from having adverse reactions due to the lack of insulin.

6.      Despite her repeated requests, the jail staff ignored her pleas.  She was never even sent to the medical provider to determine her blood sugar level.

7.      Over the next few days her condition worsened.  Ultimately, her physical condition worsened to the point she collapsed, and was experiencing nausea and vomiting, in front of the medical treatment area of the jail facility.

8.      Despite such collapse, treatment was refused.

9.      No jail staff member, let alone any medical personnel, even attempted to verify her medical condition or provide a simple finger stick test.

10.     Upon release, Ms. Taylor immediately presented to the Garden Park Hospital Emergency Room.

11.     She was found to be in diabetic ketoacidosis (DKA), a life-threatening condition

that develops when cells in the body are unable to get the sugar they need for energy because there is not enough insulin.

12.     She was initially admitted into the hospital's ICU department, where she was treated aggressively with fluids and IV insulin, ultimately resolving the DKA and being released to home.

13.     Since this event during March 2014, Ms. Taylor was subsequently arrested and denied insulin again.

14.     The Harrison County Sheriff's Department failed repeatedly to provide adequate and necessary medical care to Ms. Taylor.  Its treatment of Ms. Taylor fell well below the applicable standard of care.  The Harrison County Sheriff's Department was responsible for Ms. Taylor's treatment while she was being held.  The acts and omissions of the Harrison County Sheriff's Office, and its staff, constitute professional negligence, causing damage to Ms. Taylor.

15.     The Harrison County Sheriff's Department, its agents and staff have violated Ms. Taylor's constitutional rights, including, but not limited to, those provided under the Eighth and Fourteenth Amendments, the Equal Protection Clause, Section 1983, and their actions constitute negligence, gross negligence, medical malpractice, infliction of mental distress, and a violation of the American with Disabilities Act of 1990, together with other acts of negligence and/or intentional torts.

14.     As a result of the delayed and/or denied treatment by the Defendants, Plaintiff, Heather Taylor , has suffered grievous, debilitating and injuries.

## PARTIES

15.     The Plaintiff is Heather Taylor, a citizen of the United States of America and the State of Mississippi, and was booked into the Harrison County Jail (hereinafter "HCJ") in

Gulfport, MS. The injuries inflicted upon the Plaintiff were done so while incarcerated at the HCJ, under the supervision and control of the Defendants, Commissioner Christopher B. Epps, Margaret Bingham, Superintendent, and Warden James Holman.

16. The Defendant, Harrison County, Mississippi, is a political subdivision of the State of Mississippi and is the entity responsible for the oversight and funding of the Harrison County Sheriff Department. This Defendant may be served with process by affecting the same upon the Chancery Clerk for Harrison County, Mississippi, Mr. John McAdams, at the Harrison County Courthouse in Gulfport, Mississippi pursuant to Fed. R. Civ. P. 5.

17. The Defendant, the Harrison County Sheriff Department, is a political entity or subdivision organized to provide public safety and security to and for the citizens of Harrison County, Mississippi. This defendant may be served with lawful process by serving Sheriff Melvin Brisolara, or his designee, at the Harrison County Courthouse in Gulfport, Mississippi pursuant to Fed. R. Civ. P. 5 or at the Harrison County Adult Detention Center at 10451 Larkin Smith Drive, Gulfport, Mississippi.

18. The Defendant, Melvin Brisolara, is an adult resident citizen of Harrison County Mississippi. At all times material hereto, this Defendant was the duly-elected Sheriff of Harrison County, Mississippi, vested with the responsibility and authority to hire, train, supervise, set policies and procedures, enforce the policies and procedures adopted or otherwise implemented and to provide protection to the citizens of Mississippi, to include the Plaintiff, Heather Taylor . This Defendant is sued in his official capacity. He may be served with lawful process at Harrison County Courthouse in Gulfport, Mississippi pursuant to Fed. R. Civ. P. 5 or at the Harrison County Adult Detention Center at 10451 Larkin Smith Drive, Gulfport, Mississippi.

28. Defendants' Unknown John and Jane Does, are entitles not known to Plaintiff at

this time and may include the contract medical provider retained to provide medical services to offenders at the HCJ. However, it is believed they are adult resident citizens of Harrison County, Mississippi, or surrounding areas, and through the discovery process it is believed that their identities will become known and at that time Plaintiff will seek leave of this Honorable Court to amend her Complaint and identify the unknown persons and serve them with process for wrongs committed and violations against the rights, privileges, and immunities of the Plaintiff, Heather Taylor , all of which it is alleged were committed in their official capacities as members of the Harrison County Sheriff's Department or other individuals acting in concert with such person or persons named as Defendants herein or who may be discovered to have acted in a manner detrimental to the rights, privileges, and immunities of the Plaintiff, Heather Taylor .

## JURISDICTION

30.     The Plaintiff herein involves the federal question jurisdiction of this Honorable Court pursuant to 28 U.S.C. §§ 1331 & 1343, to obtain a judgment for the costs of suit against Harrison County, Mississippi, the Harrison County Sheriff's Department and Sheriff Melvin Brisolara, and their agents, representatives, and employees (sometimes referred to as the "Defendants") including reasonable attorneys fees and damages suffered and sustained by the Plaintiff, Heather Taylor and caused by the Defendants' blatant violation of the rights, privileges, and immunities of the Plaintiff, Heather Taylor, as guaranteed by the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and by the applicable federal statutes, more particularly 42 U.S.C. §§ 1983, 1985(3), 1986 and 1988, and 42 U.S.C. § 12101. Additionally, this Honorable Court has jurisdiction to adjudicate the pendent or supplemental state claims that arose out of the same course of conduct giving rise to the principal claims of the Plaintiff as herein stated.

## VENUE

31.     Venue is proper in this jurisdiction and district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the real and immediate harm sustained by the Plaintiff occurred in this judicial district and division.

## COUNT 1
## ACTION FOR DEPRIVATION OF CIVIL RIGHTS
## (42 U.S.C. § 1983)

32.     Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

33.     At all times material hereto, the Defendants were vested with the state authority and the non-delegable responsibility and duty of adhering to, complying with and enforcing the laws of the United States of America and the State of Mississippi.  Consequently, while acting under color of state law, the Defendants commenced to implement a policy, custom, usage or practice wherein the rights, privileges, or immunities of the Plaintiff, Heather Taylor, were violated.  Specifically, the Defendants, jointly and severally, engaged in a course of conduct that resulted in the violation of the Plaintiff's, Heather Taylor , right to the equal protection of the laws of the United States of America, the Fourteenth Amendment to the Constitution of the United States of America, and the corresponding provisions of the Constitution of the State of Mississippi, the right to procedural and substantive due process of the law pursuant to the Fifth and Fourteenth Amendments to the Constitution of the United States of America, the right against cruel and unusual punishment pursuant to the Eighth Amendment to the Constitution of the United States of America.  The violations complained of in this Amended Complaint include, but are not limited to, torture, deprivation of identifiable civil rights, i.e., life, liberty, and/or property, the unnecessary and wanton infliction of pain in light of the circumstances confronted

by the Defendants resulting in a deprivation that was sufficiently serious wherein the Defendants acted maliciously by committing the acts complained of herein, including, denial of medical treatment, denial of medication and denial of access to medical facilities, all without just cause and in violation of state and federal laws, designed and/or intended to cause Heather Taylor physical, mental, and emotional harm, pain, humiliation and/or injury, and thereafter evidence a deliberate indifference to the immediate, grave, and serious medical needs of Heather Taylor .

34.     As a direct and proximate consequence of the Defendants' actions, Heather Taylor was deprived of certain rights, privileges and immunities secured by the Constitution of the United States of America, the laws of this Nation and the State of Mississippi. Specifically, Heather Taylor's Fifth and Fourteenth Amendment rights to procedural and substantive due process and equal protection under the laws were violated by the Defendants, together with her Eighth Amendment right proscribing cruel and unusual punishment.

35.     At all times material hereto, the Defendants, and their agents, representatives acted pursuant to the policies, regulations, and decisions officially adopted or promulgated by those persons whose acts may fairly be said to represent official policy of or were pursuant to a governmental custom, usage or practice of the Defendants.

36.     It is further averred that the Defendants were the governmental officials whose edicts or acts fairly be said to represent official policy, practices, customs or regulations of the Defendants.  The aforementioned Defendants collectively and individually developed, planned and implemented the policy, custom and/or usage that resulted in and caused serious and grievous injury to the Plaintiff, Heather Taylor.

37.     As a direct and proximate consequence of the Defendants' conduct wherein the Defendants deprived the Plaintiff, Heather Taylor, of certain rights guaranteed by the

7

Constitution of the United States of America, the Plaintiff, Heather Taylor, suffered immediate and irreparable injury to her person resulting in the deprivation of her constitutional rights, privileges, and immunities and ultimately causing serious and grievous injuries. Additionally, the Plaintiff, Heather Taylor, experienced extreme pain and suffering, humiliation, degradation, mental distress, and severe emotional anguish. Plaintiff, Heather Taylor , is therefore entitled to a judgment for the costs of suit against the Defendants, including reasonable attorneys fees and damages suffered and sustained by the Plaintiff, Heather Taylor.

## COUNT II
## ACTION FOR CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
### (42 U.S. § 1985)

41.     Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

42.     At time the Plaintiff, Heather Taylor, was delivered into the custody of the Harrison County Sheriff's Office, the Defendants, their agents, representatives, and employees, were on actual notice of, or should have known, the medical conditions from which the Plaintiff suffered.

43.     There existed at the HCJ a belief, practice, usage and/or custom that it was perfectly acceptable to delay/deny medical treatment. The Defendants were fully aware of the consequences of failing to provide medical services within the amounts allowed for in the budget, such consequences including termination of their contracts with HCJ. In the instant matter, this violation and conspiracy was particularly acute in that the Defendants had not made any provision for the medical treatment of the class of individuals of which Plaintiff is a member, specifically, female inmates with disabilities.

44.     It is clear from the facts set forth above that the Defendants willfully and

maliciously agreed and conspired to engage in a course of conduct that resulted in a blatant violation of the Plaintiff, Heather Taylor's constitutional rights through their acts of omission and commission and the conspiracy to refuse medical treatment (sometimes referred to the "Conspiracy").  As a direct and proximate consequence of the Defendants' actions, the Plaintiff, Heather Taylor, has endured injuries, pain and suffering.  Thus, the Defendants are jointly and severally liable to the Plaintiff for the injuries, pain, and suffering of the Plaintiff, Heather Taylor. Plaintiff, Heather Taylor, is therefore entitled to a judgment for the costs of suit against the Defendants, including reasonable attorneys fees and damages suffered and sustained by the Plaintiff, Heather Taylor.

**COUNT III**
**ACTION FOR NEGLECT OR FAILURE TO PREVENT CONSPIRACY**
**(42 U.S.C. § 1986)**

46.      Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

47.      The Defendants, and their agents, representatives, and employees, knew or reasonably should have known prior to the injuries caused to and the delay/denial of medical care of Plaintiff, Heather Taylor and the implementation of the conspiracy to deprive her of her federally-protected rights that such activity regularly took place in the HCJ.

48.      However, neither the Defendants and their agents, representatives, and employees, nor anyone else in a position of authority to thwart the Conspiracy identified hereinabove took any action whatsoever to prevent the delay/denial of medical treatment.

49.      The Defendants, and their agents, representatives, and employees, either intentionally or through their own negligence, failed to expose, prevent, or otherwise thwart the Conspiracy to deprive the Plaintiff, Heather Taylor of the equal protections under the laws of this

Nation and this State, notwithstanding the fact that they possessed the authority, power, and ability to halt, annual, void, expose, intervene in or stop the violations before they occurred. Consequently, these Defendants are liable for the injuries sustained by Heather Taylor and the deprivations that occurred prior thereto.  Plaintiff, Heather Taylor, is therefore entitled to a judgment for the costs of suit against the Defendants, including reasonable attorneys fees and damages suffered and sustained by the Plaintiff, Heather Taylor.

## COUNT IV
## FAILURE TO ADEQUATELY TRAIN & SUPERVISE OFFICERS

50.    Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

51.    The Defendants, failed to provide adequate and competent training and/or supervision to the officers working in and around prisoners, especially those who have medical or physical conditions that require special treatment.  The aforementioned Defendants are tasked with the non-delegable duty and responsibility to formulate, oversee, and implement official policies, procedures, practices, and customs that were to be carried out at the HCJ by the officers employed there.

52.    As a direct and proximate consequence of the aforementioned Defendants' failure to properly develop, implement, and otherwise devise a policy of adequate police training and/or supervision for its officers working in and around prisoners, especially those who have medical or physical conditions that require special treatment, the Plaintiff, Heather Taylor was deprived of certain constitutional rights, privileges, and immunities which, if properly trained and supervised, every officer within the employ of the HCJ would have known of the illegality of the Defendants' conduct and the corresponding deprivation of his civil rights, privileges, and immunities would not have happened.

53.     Failure to provide adequate training and supervision to officers working with prisoners, especially those who have medical or physical conditions that require special treatment, the officers involved herein were so grossly negligent that it amounted to a deliberate indifference and blatant disregard for the rights, privileges, and immunities of the Plaintiff, Heather Taylor.  Thus, because of the failure to adequately train and supervise the Defendants' officers working with prisoners, especially those who have medical or physical conditions that require special treatment, the aforementioned Defendants are liable for Heather's injuries and the deprivation of her civil rights associated therewith. Plaintiff, Heather Taylor , is therefore entitled to a judgment for the costs of suit against the Defendant's, including reasonable attorneys fees and damages suffered and sustained by the Plaintiff, Heather Taylor.

## COUNT V
### A.     INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

67.     Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

68.     Defendants' conduct was designed to not only inflict physical pain and suffering upon the Plaintiff, Heather Taylor, but also emotional and mental anguish and distress.  The manner, method, and design of the Defendants' conduct caused Heather to endure enormous emotional and mental distress and anguish.

69.     As a direct and proximate consequence of the outrageous conduct of the aforementioned Defendants, both known and unknown, Defendants are jointly and severally liable to Plaintiff for the intentional infliction of emotional distress and mental anguish inflicted upon the person of the Plaintiff, Heather Taylor.  Thus, the Plaintiff, Heather Taylor, is entitled to a money judgment for the costs of suit against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission such outrageous conduct

11

perpetrated upon the Plaintiff, Heather Taylor.

### B. BREACH OF A NON-DELEGABLE FIDUCIARY DUTY

70.     The Plaintiff herby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

71.     The Defendants failure and/or refusal to provide the Plaintiff, Heather Taylor with prompt, proper, professional, and necessary medical care at a time when the same was absolutely essential constituted a breach of a non-delegable and/or fiduciary duty owed to the Plaintiff, Heather Taylor and other persons similar situated.

72.     As a direct and proximate consequence of the conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiff for the breach of a non-delegable and/or fiduciary duty owed to the Plaintiff, Heather Taylor and other persons similar situated that caused and/or contributed to her injuries.  Thus the Plaintiff is entitled to a money judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission this breach of a legal duty that adversely impacted the personal interests of the Plaintiff, Heather Taylor by causing her injuries.

### F. THE COMMON LAW TORT OF OUTRAGE

73.     The Plaintiff herby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

74.     The Defendants overall conduct on the date in question was so outrageous that it shocks the moral and legal conscience of the community.  This outrageous conduct resulted in the injuries to the Plaintiff, Heather Taylor.

75.     As a direct and proximate consequence of the outrageous conduct of the

aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiff for such outrageous conduct as the same resulted in the injuries to Plaintiff, Heather Taylor.  Thus the Plaintiff is entitled to a money judgment against the Defendants who engaged or contributed to or otherwise facilitated through their acts of omission or commission such outrageous conduct toward the Plaintiff.

**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Heather Taylor, prays that upon the filing of this Amended Complaint that this Honorable Court would advance this case on the trial docket and order an immediate hearing on the Plaintiff's request for injunctive relief and thereafter set this matter for a full and complete trial on the merits and upon the completion of the same enter a judgment granting the following relief:

a.      enter a judgment in favor of the Plaintiff and against the Defendants, jointly and severally, for the actual compensatory and presumed damages sustained by the Plaintiff, Heather Taylor pursuant to 42 U.S. §§ 1983, 1985, 1986, 1988, 42 U.S. § 12101, the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and for the violation of numerous pendent or supplemental state claims arising out of the same set of facts from which the deprivation of civil, constitutional and human rights arose for the deprivation of such constitutional rights, personal injury to her body as a whole but especially her internal organs and other parts of her anatomy, infliction of emotional distress, mental anguish, pain, suffering, degradation, humiliation, torture, loss of enjoyment of life, medical, and any other injury or claim that may be discovered during the discovery process for which the law holds the Defendants liable and responsible in an amount to be determined by a jury but not less than $500,000.00;

c.    a judgment in favor of the Plaintiff and against the Defendants, jointly and severally, for punitive damages, for the outrageous, willful, wanton and intentional conduct that resulted in a gross or reckless disregard for the welfare, safety, rights, privileges or immunities of the Plaintiff, Heather Taylor, in an amount to be determined by the jury but not less than $1,000,000.00;

d.    a judgment in favor of Plaintiff and against the Defendants, jointly and severally, for the Plaintiff's reasonable attorneys' fees pursuant to 42 U.S.C. § 1988, all costs of this action and related litigation expenses and expert fees;

e.    a judgment for such other relief, general or specific, as the Court may deem appropriate, just and equitable in the premises.

RESPECTFULLY SUBMITTED, this the 4th day of September, 2015.

HEATHER TAYLOR

By: _____
Joel L. Blackledge, MSB 10606
BLACKLEDGE LAW FIRM

Attorneys for the Plaintiff:

Joel L. Blackledge, MSB # 10606
Blackledge Law Firm
P.O. Box 8155
Gulfport, MS 39506
(228) 669-6254
(866) 604-0786 (Fax)

Joel S. Gatlin, MSB# 10330
Fondren Law Group
2951 Old Canton Rd
Jackson, MS 39216
(601) 981-3300